UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

NORMAN LEE HARRIS,                )
                                  )
        Petitioner,               )        Civil No. 2:17-227-WOB
                                  )
v.                                )
                                  )
JENNIFER SAAD, Warden,            )        **MEMORANDUM OPINION**
                                  )            **AND ORDER**
        Respondent.               )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Norman Lee Harris is a federal prisoner who has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [R. 1].  For the reasons set forth below, the Court will deny Harris's petition.

In 2000, a jury found Harris guilty of distributing cocaine in violation of 21 U.S.C. § 841, as well as being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).[1]  In light of Harris's prior criminal history, this Court determined that he was a career offender and, thus, was subject to an enhanced sentence under the sentencing guidelines.  The Court ultimately sentenced Harris to a total of 360 months in prison.  Harris then filed a direct appeal, but the United States Court of Appeals for the Sixth Circuit affirmed his convictions and sentence.  Harris's subsequent efforts to vacate his sentence were unsuccessful.

Harris is now incarcerated at the Federal Correctional Institution in Glenville, West Virginia, and he recently filed a § 2241 petition with the United States District Court for the Northern District of West Virginia.  [R. 1].  The Government, however, responded to Harris's petition by asking the Northern District of West Virginia to transfer Harris's case to this Court.

---

[1] This procedural history comes from Harris's petition and attached documents at R. 1, as well as his underlying criminal case of *United States v. Harris*, No. 2:97-cr-106-WOB (E.D. Ky. 1997).

[R. 14].  Harris then joined in that motion [R. 19], and the Northern District of West Virginia transferred his petition to this Court [R. 20].  Harris's case is now before this Court on initial screening pursuant to 28 U.S.C. § 2243, and the crux of his argument is that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), as well as a number of federal circuit court cases, his prior felony convictions are no longer valid predicate offenses to subject him to an enhanced sentence.

Harris's petition however, constitutes an impermissible collateral attack on his sentence. That is because although a federal prisoner may challenge the legality of his sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition).  After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Simply put, Harris cannot use a § 2241 petition as a way of challenging his sentence.

Harris nevertheless argues that he can attack his sentence in a § 2241 petition, and he cites *Hill v. Masters*, 836 F.3d 591, 599 (6th Cir. 2016), to support his position.  [R. 1-1 at 9].  It is true that, in *Hill*, the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition.  However, in doing so, the court expressly limited its decision to the following, very narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case.  To be sure, Harris was sentenced before the Supreme Court decided *Booker*, and he may be foreclosed from filing a successive petition under § 2255.  However, he has not identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that one of his previous convictions is not a predicate offense for purposes of the career-offender enhancement.  While Harris repeatedly cites *Mathis*, the Sixth Circuit recently explained in a published decision that "*Mathis* was dictated by prior precedent (indeed two decades worth)," and, thus, it did not announce a new rule, let alone a retroactive one.  *In re Conzelmann*, No. 17-3270, 2017 WL 4159184, *1 (6th Cir. September 20, 2017).  Harris's reliance on *Mathis* is therefore unavailing.

Accordingly, **IT IS ORDERED** that:

1.  Harris's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2.  This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.  A corresponding judgment will be entered this date.

This 22nd day of December, 2017.



Signed By:

*William O. Bertelsman*

United States District Judge