UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | | |
|---|---|---|
| NORMAN LEE HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 2:17-227-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| JENNIFER SAAD, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Norman Lee Harris is a federal prisoner who filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. The Respondent has now filed a response to that petition [R. 60], and Harris has filed a reply [R. 66]. This matter is therefore ripe for a decision. For the reasons set forth below, the Court will deny Harris's petition.

In 2000, a jury found Harris guilty of distributing cocaine in violation of 21 U.S.C. § 841, as well as being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In light of Harris's prior Ohio drug trafficking convictions, this Court determined that he was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.). Ultimately, the Court sentenced Harris to a total of 360 months in prison. *See United States v. Harris*, No. 2:97-cr-106-WOB (E.D. Ky. 1997). Harris then filed a direct appeal, but the United States Court of Appeals for the Sixth Circuit affirmed his convictions and sentence. *See United States v. Harris*, 293 F.3d 970 (6th Cir. 2002).

In 2003, Harris filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting that he was denied the effective assistance of counsel and that his sentence was wrongfully enhanced because this Court made factual findings not submitted to the jury. This Court denied

Harris's motion, and the Sixth Circuit denied him a certificate of appealability. *Harris v. United States*, No. 06-5403 (6th Cir. Apr. 3, 2007) (order).

Harris eventually filed his § 2241 petition in this case. Harris asserts that, pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior drug convictions no longer constitute predicate offenses under the career-offender provision of the U.S.S.G. This Court conducted an initial screening of Harris's petition pursuant to 28 U.S.C. § 2243 and concluded that the petition was an impermissible collateral attack on Harris's sentence. The Court therefore denied Harris's petition and dismissed the action. [Rs. 24, 25].

Harris appealed, and the Sixth Circuit vacated this Court's judgment and remanded Harris's case for further consideration. [R. 46]. In its opinion, the Sixth Circuit discussed the interplay between § 2255 and § 2241 and acknowledged that, historically, a federal prisoner could not challenge the legality of his sentence in a § 2241 petition. [*See id.* at 3]. However, the Sixth Circuit then recognized that, in light of its relatively-recent decision in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), a prisoner could now challenge his sentence in a § 2241 petition under certain limited circumstances. The Sixth Circuit explained: "When seeking to petition under § 2241 based on a misapplied sentence, the petitioner must show that there is '(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect.'" [R. 46 at 3 (quoting *Hill*, 836 F.3d at 595)].

The Sixth Circuit then determined that "Harris meets the requirements of *Hill*." [R. 46 at 3]. The court first pointed out that at least one Sixth Circuit panel "indicated that *Mathis* is a retroactive case of statutory interpretation." [*Id.* (citing *Sutton v. Quintana*, No. 16-6534, 2017 WL 4677548, at *2 (6th Cir. July 12, 2017))]. The court then added that "*Mathis* was also unavailable when Harris filed his initial § 2255 motion." [R. 46 at 3-4]. Finally, the court said,

2

"Harris's sentence *may* be erroneous under *Mathis*." [*Id.* at 4 (emphasis added)]. The court explains:

> Harris asserts that his prior convictions were for transporting and possession of drugs, in violation of Ohio Revised Code § 2925.03(A)(2) and (A)(4). We have recognized that section 2925.03 "includes both qualifying and non-qualifying crimes," *United States v. Wright*, 43 F. App'x 848, 852 (6th Cir. 2002), and have agreed with the Ninth Circuit that section "2925.03(A)(4) falls short of the federal definition of a controlled substance offense," *United States v. Montanez*, 442 F.3d 485, 491 (6th Cir. 2006) (quoting *United States v. Foster*, No. 93-50402, 1994 WL 201201, at *1 (9th Cir. May 23, 1994)). Accordingly, Harris' *Mathis* claim meets all of the requirements announced in *Hill*, and he may raise his *Mathis* claim in a § 2241 petition.

[*Id.*]. Accordingly, the Sixth Circuit vacated this Court's judgment denying Harris's § 2241 petition and remanded his case for further consideration. [*Id.*].

Once the Sixth Circuit issued its mandate [R. 48], the parties fully briefed the merits of Harris's *Mathis* claim [Rs. 60, 62, 66]. Harris also moved for the appointment of counsel and for release on bail pending the resolution of his § 2241 petition [R. 53], which the Respondent opposes [R. 59]. Harris's petition is now ripe for a decision.

As an initial matter, the Court will deny Harris's motion for the appointment of counsel. That is because Harris does not have a constitutional right to counsel in this civil case, and this matter does not present the kind of exceptional circumstances that would otherwise justify the appointment of counsel. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). In fact, Harris's submissions to date indicate that he is able to competently represent himself in these proceedings. Therefore, the Court will deny Harris's request for the appointment of counsel.

The Court will also deny Harris's petition. That is because the Respondent, through the U.S. Attorney's Office, has clearly demonstrated on remand that Harris has three prior convictions under Ohio Revised Code § 2925.03(A)(2), not subsection (A)(4). [R. 60 at 2, 3 n. 8, and 7-14]. In fact, the U.S. Attorney's Office has attached indictments and corresponding judgments from

some of Harris's state criminal cases, and those documents make it clear that Harris was convicted in 1989, 1994, and 1997 of violating Ohio Revised Code § 2925.03(A)(2), not subsection (A)(4). [Rs. 60-2, 60-4, and 60-5].

This is important because, as the Sixth Circuit specifically said in its opinion in this case, Ohio Revised Code § 2925.03 includes both qualifying and non-qualifying crimes. [R. 46 at 4]. While a conviction under § 2925.03(A)(4) may not qualify as a predicate offense for purposes of an enhancement under the career offender guidelines, convictions under § 2925.03(A)(2) *do* qualify, as the Sixth Circuit indicated in this case [R. 46 at 4] and has made clear in multiple prior cases. *See United States v. Robinson*, 333 F. App'x 33, 35 (6th Cir. 2009) ("Because § 2925.03(A)(2) includes an element of 'manufacture, import, export, distribution, or dispensing,' or intent to do those things, that subsection of the Ohio statute falls within the ambit of U.S.S.G. § 4B1.2(b)."); *United States v. Wright*, 43 F. App'x 848, 853 (6th Cir. 2002) (concluding that subsection (A)(2) is a controlled substance offense under the guidelines); *United States v. Black*, 4 F. App'x 280, 281 (6th Cir. 2001) (pointing out that language from an indictment tracking subsection (A)(2) "clearly brings the offense under the definition of a 'controlled substance offense' for purposes of the career offender guideline"). Simply put, since it is clear from the record that Harris had multiple prior convictions under Ohio Revised Code § 2925.03(A)(2), and those convictions qualify as controlled substance offenses under the guidelines, Harris's sentence was properly enhanced.[1] Therefore, Harris's § 2241 petition is unavailing.

---

[1] Harris's sentence was also properly enhanced under 21 U.S.C. § 841 because a conviction under Ohio Revised Code § 2925.03(A)(2) constitutes a "felony drug offense," as the U.S. Attorney's Office argues. [R. 60 at 2-4, 7-8]. Moreover, while Harris suggests that *Mathis* undermines this conclusion, the Sixth Circuit has repeatedly made it clear that *Mathis* is inapplicable to sentences enhanced under 21 U.S.C. § 841. *See, e.g., Romo v. Ormond*, No. 17-6137, 2018 WL 4710046, at *2 (6th Cir. Sept. 13, 2018); *United States v. Soto*, 8 F. App'x 535, 541 (6th Cir. 2001).

Accordingly, **IT IS ORDERED** that:

1. Harris's motion for the appointment of counsel [R. 53] is **DENIED**.

2. Harris's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

3. Harris's motion for release on bail pending the resolution of his § 2241 petition [R. 53] is **DENIED AS MOOT**.

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

5. A corresponding judgment will be entered this date.

This 22nd day of March, 2019.

Signed By:
*William O. Bertelsman* WOB
United States District Judge